UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ADAM BRUCE,

    Plaintiff,

vs.                                            **COMPLAINT**

ROBERT HERTMAN, POLICE CHIEF,      '06 CIV 0 0 3 9 4
TOWN OF WALLKILL, sued in his
individual capacity, TOWN OF WALLKILL,    ROBINSON

    Defendants.
-------------------------------------------------------x

    By and through his counsel, Michael H. Sussman, plaintiff alleges against defendants as follows:

I. **PARTIES**

    1. Plaintiff, Adam Bruce, is a police officer currently employed by defendant Town of Wallkill, of legal age and a resident of this judicial district.

    2. Defendant, Robert Hertman, is the current Police Chief of the Town of Wallkill Police Department. He is sued in his individual capacity for acts taken in his official capacity, but in derogation of his legal authority. He resides in this judicial district.

-1-



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

3. Defendant, Town of Wallkill, is a municipal corporation organized and operating pursuant to the laws of the State of New York. It may sue and be sued and is situate within this judicial district.

## II. JURISDICTION

4. As plaintiff contends that defendants violated certain rights accorded him under federal law, this Honorable Court has jurisdiction of this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

## III. FACTUAL ALLEGATIONS

5. Plaintiff is a full-time police officer employed by defendant Town of Wallkill.

6. Since well before December 12, 2003, police officers in the Town of Wallkill have been invited to work substantial overtime due to ongoing shortages in personnel.

7. On December 12, 2003, at defendant Hertman's instance, two police officers employed by the Town of Wallkill escorted plaintiff to an evaluation by a department psychiatrist.

8. This psychiatrist determined that plaintiff posed no threat to

himself or others and so advised defendant Hertman.

9. Notwithstanding this advice, on December 16, 2003, defendant Hertman, acting on behalf of defendant Town of Wallkill and with final authority delegated to him by defendant Town, returned plaintiff to work on modified duty and expressly denied him the right to work overtime.

10. Indeed, commencing December 12, 2003, defendant Hertman confiscated plaintiff's guns and badge and advised plaintiff that his modified assignment would preclude his carrying either and that he would "perform duties in the building as directed by the staff sergeant".

11. Thereafter, acting at defendant Hertman's instance, defendant Town of Wallkill requested that the Orange County Department of Civil Service appoint an independent psychiatrist to evaluate plaintiff pursuant to Section 72 of the Civil Service Law of the State of New York, but did not place plaintiff on involuntary leave, as permitted by Section 72, during the evaluation process.

12. In a report dated February 8, 2004, the examining psychiatrist deemed plaintiff fully fit to perform all police duties.

13. Despite this finding, of which they were timely apprised, and

plaintiff's request that he be restored to patrol duties and overtime, defendants refused to return plaintiff to patrol and continued to summarily deny him the opportunity to earn overtime.

14. Before December 2003, plaintiff consistently worked an average of eight overtime tours monthly.

15. After December 2003, there were a minimum of 20-40 overtime tours monthly and as many as 100 tours some months.

16. The Collective Bargaining Agreement, which governs the relationship between police officers and defendants, insures officers the right to be considered for any overtime made available by the department.

17. Article 6 of the CBA disallows defendants from depriving any active and able member the right to access overtime.

18. Through November 2005, defendants refused to permit Bruce to work overtime.

19. If a police officer is considered "fit for duty," she is entitled to receive all contractual benefits that other police officers receive, including participation in the rotation for overtime.

20. The collective bargaining agreement and past practice as

between defendant Town and the PBA create reasonable entitlement and realistic expectations for police officers.

21. Here, without due process, defendants deprived plaintiff of the benefits of that collective bargaining and those past practices for nearly two years, causing him emotional distress, humiliation, anxiety and embarrassment.

22. While plaintiff did prevail in binding arbitration and was awarded recompense for the actual overtime pay he was illegally denied, to date, defendants have not paid the sum due.

23. Moreover, the arbitral process did not provide plaintiff compensation for the damages caused by the deprivation of this entitlement for a two year period.

24. Plaintiff has no adequate remedy at state law to gain compensation for the non-pecuniary consequences of defendants' violation of his civil rights.

25. In proceeding as he did, defendant Hertman violated clearly established law in a malicious manner intended to pre-punish plaintiff for alleged disciplinary violations which had not yet been proven and were

never proven.

26. This motive informed defendant Hertman's treatment of plaintiff and his imposition of sanctions upon plaintiff before the completion of the required disciplinary process was arbitrary, capricious and malicious.

## CAUSE OF ACTION

27. Plaintiff incorporates paras. 1-26 as if fully re-written herein.

28. By depriving plaintiff of property to which he had reasonable expectation under both written agreement and defendants' prior custom and practice without due process of law, defendants violated the 14th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this cause;

b) award to plaintiff $250,000 in compensatory damages against defendants with pre and post-judgment interest;

c) award to plaintiff $300,000 in punitive damages against defendant Hertman with pre- and post-judgment interest;

d) award to plaintiff and against defendants the reasonable attorneys' fees

and costs incurred in the prosecution of this action and

f) enter any other relief in the interests of justice and equity.

                              Respectfully submitted,

                              Michael H. Sussman (3497)

LAW OFFICES of MICHAEL H. SUSSMAN
PO Box 1005
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff Adam Bruce

Dated: January 20, 2006